KALISTE J. SALOOM, Jr., Judge Pro Tem.
Third party plaintiffs, Massachusetts Bay Insurance Company and Hanover Insurance Company, appeal the trial court judgment which sustained the motion for summary judgment filed by third party defendant, Attorneys Liability Assurance Society, Inc. (hereinafter A.L.A.S.).
The present litigation stems from a federal law suit, Auster Oil & Gas, Inc. v. Matilda Gray Stream, 764 F.2d 381 (5th Cir.1985); 835 F.2d 597 (5th Cir.1988); 891 F.2d 570 (5th Cir.1990), which began in 1983 and was appealed on three separate occasions. Auster Oil sued defendants and their attorney, Edward M. Carmouche. Ultimately, the Streams settled in the federal case. They brought an action in state court for indemnification from Aetna. Aet-na third partied Massachusetts Bay and Hanover, the liability carriers for the Car-mouche firm, and they third partied A.L.A.S., the professional liability carrier for the Carmouche firm. A.L.A.S. moved for summary judgment on the grounds that the events which gave rise to the claim occurred before the professional liability policy took effect and it was excluded from coverage under the terms of the A.L.A.S. policy. The trial court granted summary judgment and dismissed A.L.A.S.. Massachusetts Bay and Hanover appeal. They allege two assignments of error: (1) the trial court erred as a matter of law when it held that there were no material issues of fact; and, (2) the trial court erred in finding that LSA-R.S. 22:619 was not applicable. We find no merit in either assignment.
The A.L.A.S. policy is a “claims made” policy. A.L.A.S. agreed to provide coverage for all claims made during the policy period. A.L.A.S. does not contest that the present claim was made during the policy period. However, A.L.A.S. contends, and the trial court agreed, that coverage of the present claim was excluded under the exclusion section of the policy which reads:
“This Policy Excludes: 1. any claim or circumstance required to be listed in response to questions 8 or 9 of the Application or in response to questions 8 or 9 of the FIRM’S original Application For Attorney’s Professional Liability Insurance (the “ALAS (Bermuda) Application”) made to Attorney’s Liability Assurance Society (Bermuda) Ltd. (“ALAS (Bermuda)”), or in respect of which the ASSUREDS, before the commencement of this Policy, have given written notice to the insurers on any other policy in force previous hereto:”
Questions 8 and 9 of the application were answered as follows by the Carmouche firm:
8.* During the past 10 years, have any claims been made against:
(a) the Firm; NO
(b) any of the Firm’s predecessors listed in 5; YES
*262 (c) any of the Firm’s present partners (whether or not a partner at the time of such claim) or any other individual ASSURED (as defined in the ALAS policy form); or YES
(d) to the knowledge of the Firm, any of the Firm’s (or the Firms’s predecessors’) former partners. NO
If so, give full particulars by completing a Claim Form for each of such claims. SEE ATTACHED SUPPLEMENTAL CLAIM INFORMATION SHEETS
9.* After inquiry of all present partners, has the Firm any reasonable basis to believe that a claim may be made against:
(a) the Firm; NO
(b) any of the Firm’s predecessors listed in 5; NO
(c) any of the Firm’s present partners or any other individual ASSURED; or NO
(d) any of the Firm’s (or the Firm’s predecessors’) former partners. NO
We note that the affirmative responses to question 8 refer to claims not related to the litigation.
The question presented for our consideration is whether coverage is provided by the A.L.A.S. policy for circumstances which occurred before the A.L.A.S. policy went into effect but were not claimed until after the applicant failed to notify the potential insurer of such facts.
From the record it is clear that Car-mouche was a defendant in the federal suit as early as 1985. Although he was not named in his professional capacity, until late 1988, as the attorney for the Streams and a business partner, he was aware that the facts at issue in the federal trial might expose him, or the firm to professional liability.
It is an undisputed fact that the Car-mouche firm failed to disclose the existence of the federal suit or the potential liability arising therefrom. Therefore, it is clear to us that questions 8 and 9 on the A.L.A.S. application were answered incorrectly. Under the clear language of the policy, coverage is excluded for claims or circumstances required to be listed in response to questions 8 or 9 of the application. The claim against Carmouche was required to be listed.
Both of appellant’s assignments of error may be addressed at the same time. In assignment number one appellants argue that “intent to deceive: is a material issue of fact precluding summary judgment. In assignment number two appellants argue the LSA-R.S. 22:619 is applicable in this case. Section 619 requires:
§ 619. Warranties and misrepresentations in negotiation; applications
A. Except as provided in Subsection B of this Section and R.S. 22:692, and R.S. 22:692.1, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or void the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.
Amended by Acts 1985, No. 506, § 1.
Appellants rely on Benton Casing Service, Inc. v. Avemco Insurance Company, 379 So.2d 225 (La.1979). However, the case at bar is distinguishable on its facts. In Benton the insurer sought to have its policy declared void. The Supreme Court held that § 619 would apply and the insurer would have to prove intent to deceive to *263 void the policy. In the present case A.L.A.S. is not seeking to void the policy. It seeks to exclude coverage only for claims or circumstances which occurred before the policy took effect which were know by the applicant, and required to be disclosed. Our review of the jurisprudence in this area of law reveals that the distinction between 619 and policy exclusions is valid. See Dietrich v. Travelers Insurance Co., 604 So.2d 970 (La.App. 1st Cir. 1987); United States Fire Insurance v. West Monroe Charter Service, 504 So.2d 93 (La.App.2d Cir.), writs denied, 505 So.2d 1141 (La.1987); and Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis, 799 F.2d 218 (5th Cir.1986). Professional Managers dealt with the exclusion in a professional liability policy. In this case summary judgment was granted by the trial court and affirmed by the appellate court on facts very similar to this appeal.
We follow the reasoning of the Professional Managers case. We conceive of no reason why the exclusion should not be upheld. Clearly, this is not a case where the insurer seeks to void the policy under Benton and § 619. Therefore, there is no need to prove intent to deceive which eliminates all material issues of fact.
Accordingly, for the reasons assigned we affirm the judgment of the trial court. All costs are assessed against appellants.
AFFIRMED.

 Immediately prior to the inception date of its ALAS policy, the Firm will be required to furnish to ALAS updating information respecting changes in its answers to Questions 8 and 9, as well as any additional claims or circumstances which it has become aware of since the filing of the Application. While the information contained in such updates will be deemed part of this Application for purposes of the ALAS policy (including, without limitation, the exclusion included as Clause III — 1 thereof), such information shall not affect a Firm's prior acceptance for membership in and insurance by ALAS.